JAMES S. BERRYMAN *v.* CHARLES G. DAHLGREN.

Where a witness has not been interrogated in the inferior court as to his means of
  knowing a signature to which he testified, no objection to the want of a disclosure of
  such means, can avail after appeal.

APPEAL from the District Court of Concordia, *Willson,* J.
*Shannon* and *Poindexter,* for the plaintiff.
*Stockton* and *Steele,* for the appellant.

MARTIN, J. The plaintiff states himself to be the owner of a
judgment obtained in the District Court for the Parish of Carroll,
by Ferriday & Co., against Holmes, which was transferred by the
plaintiffs to Milton, and by the latter to the present plaintiff; that,
notwithstanding this transfer, the said judgment has been seized
at the suit of one Dahlgren against the original plaintiffs.    On
this statement an injunction was obtained, to prevent the sale of
the judgment at the suit of Dahlgren.

The defendant denies the right of the plaintiff, under the trans-
fer to Milton, and that of the latter to him.    The injunction was
made perpetual, and the defendant has appealed.

There is no written evidence of an actual transfer from the ori-
ginal plaintiffs to Milton; but there is a document attesting the
transfer of the judgment by Milton to the present plaintiff; and
there are a number of letters attesting and corroborating his trans-
fer to the plaintiff.    But the defendant and appellant has complain-
ed, that the signature of Milton to the transfer, and to the letters
which purport to be his, is only proved by a witness, who does
not inform us of the grounds on which his knowledge of the signature
rests; nor whether he has ever seen that gentleman write, or ever
received any document clothed with his signature, whereby the
genuineness of those affixed to the acts of transfer, and letters, may
be tested.    If the party who seeks to avail himself, in this court,
of a chasm in the evidence, thought that his doing so would have
been available, at all, he ought to have interrogated the witness,
in the lower court, as to his means of knowledge.

The evidence of the transfer of the judgment by the original
plaintiff who obtained it, appeared to the Judge below perfectly

atisfactory, and we are not able to say that he erred. It is shown that notice was given to the debtor, of the first transfer to Milton, but not of his transfer to Berryman. This, in our opinion, suffices; because by the first transfer duly notified, the debt ceased to belong to Ferriday & Co., and, consequently, could not be seized by their creditors.

*Judgment affirmed.* .